UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br> )<br>  v. )<br> )<br>ALVARO SERRANO ARCHBOLD- )<br>MANNER #1 )<br>  a.k.a. "El Negro" )<br>  a.k.a. "Archie" )<br>  a.k.a. "Bambino" )<br> )<br>    Defendants. )<br>_____ ) | Criminal Case No. 05-342 (RCL) |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION
AND PROPOSED ORDER**

  The United States respectfully moves this court to order the pretrial detention of defendant Alvaro Serrano Archbold-Manner (Archbold) pursuant to 18 U.S.C. § 3142(e). As set forth herein, there is a statutory presumption in favor of detention because the defendant is charged with, <u>inter alia</u>, Conspiracy to Manufacture and Distribute for the Purpose of Unlawful Importation Into the United States Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 959 and 960, which is an offense that carries a maximum penalty of more than ten years imprisonment. Moreover, the government believes the defendant has no ties to the United States; the government believes the defendant has the ability to flee and would flee if released from custody; and the government believes the defendant would pose a danger to the community unless his is detained.

**I.**   **Factual Background**

  Archbold has been brought to the United States based upon charges in this case which

arise from evidence obtained during an investigation which revealed that Archbold is a member of a drug (cocaine) trafficking and transportation organization (DTO). He is currently in custody in Washington, D.C. Jail or CTF.

The evidence against Archbold consists of seizures of cocaine, surveillance, Colombian court-authorized intercepted telephone conversations in Colombia, and cooperating and/or government witnesses**.** The evidence from the investigation shows that from at least 2005 to the present, Archbold and his associates have continually transported thousands of kilograms of cocaine, intended for transport to the United States, using "go fast" boats from locations in northern Colombia to transhipment points in Central America. From Central America the cocaine is transported to final destinations in the United States.

The DTO, which Archbold is a member of, operates in and around the north coast of Colombia, South America trafficking in cocaine intended for transportation to the United States. The DTO transports large loads of cocaine from cocaine laboratories in the Sierra Nevada Mountains of northern Colombia to the coastal areas of northern Colombia, then to Central America and Mexico where it is then brought to the United States. The DTO would receive cocaine shipments, which are transported by truck from the laboratory locations in the nearby Sierra Nevada Mountains, are loaded into "go fast" boats or *lanchas rapidas*.

The "go fast" boats are specifically designed to hold a ton or more of the cocaine at a time. Moreover, these boats are typically outfitted with two to four high performance outboard engines each, enabling the boats to travel long distances at relatively high speeds, even when fully loaded. The boats leave their loading locations along the northern coast of Colombia to meet ships at sea to offload or go to offloading locations in Central America and Mexico. At the

offloading locations, the cocaine shipments are received by other drug trafficking organizations and transported into the United States.

The facts of this case, based upon the evidence, indicate that Archbold, indicted and unindicted coconspirators are members of a DTO based in the area of the north coast of Colombia. The DTO has shipped thousands of kilograms of cocaine from Colombia to the United States since 2005. Several of those cocaine shipments, amounting to thousands of kilograms, were seized by law enforcement, specifically, on July 22, 2005, January 21, 2006, March 7, 2006, and March 24, 2006. Members of the DTO fulfill a number of responsibilities within the DTO to facilitate the manufacture and transportation of cocaine from Colombia to Central America or the Caribbean Sea region, then to Mexico, and finally to the United States. There have been numerous recorded conversations between members of the DTO concerning shipments and transportation of cocaine in quantities of a thousand kilograms or more. The conversations between members of the DTO involved all aspects of supervising, organizing, and facilitating numerous cocaine shipments, including the cocaine shipments seized by law enforcement agents.

Archbold, according to the evidence, is a cocaine transportation specialist who arranges shipments of cocaine from the north coast of Colombia destined for Central America or Mexico, and then to the United States. Witnesses have stated that he is responsible for coordinating "go-fast" boat shipments involving 1000 kilograms or more of the cocaine from Colombia to the United States. Witnesses have also stated that Archbold-Manner assisted in the transportation and shipment of the 1,537 kilograms of cocaine seized on July 22, 2005, by arranging and coordinating the pickup of the drugs by a ship in the Caribbean Sea. He was also involved in the shipment of the 2,500 kilograms of cocaine seized on March 24, 2006.

### II.     Legal Analysis

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute further provides that there is a rebuttable presumption that the defendant should be detained if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 18 U.S.C. § 3142(e).

The existence of the indictment in this case establishes probable cause as a matter of law. See e.g., United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Moreover, the Government is permitted to proceed by proffer to establish other facts relevant to the bail decision. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Several other factors in the detention statute also support the Government's request for pretrial detention. First the nature and circumstances of the offense are compelling. 18 U.S.C. § 3142(g)(1). Second, the weight of the evidence against the defendant is substantial. The evidence in this case consists of seizures of cocaine, go-fast boats transporting the cocaine on international waters, legally authorized Colombian wiretaps of the defendant discussing the cocaine, surveillance of the defendant and co-conspirators and the testimony of cooperating and/or government witnesses. 18 U.S.C. § 3142(g)(2). Third, the fact that the defendant is a Colombian citizen with no known ties to the United States argues in favor of his detention pending trial. 18 U.S.C. § 3142(g)(3)(A). Several courts have ordered pretrial detention of foreign defendants without any contacts to the United States. E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably

assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented a serious risk of flight which justified pretrial detention).

Finally, the defendant constitutes a clear and present danger to the community. The federal courts have recognized that drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug related activities if released on bail and thus, constitute a danger to the community. See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986). Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

**III.    Conclusion**

For all of the foregoing reasons, the Government respectfully requests that the motion to detain the defendants without a bond pending trial be granted.

Dated: October 24, 2006

                                        Respectfully submitted

                                        KEN BLANCO, Chief
                                        Narcotics and Dangerous Drug Section

                                        /s/
                                        Patrick H. Hearn
                                        Trial Attorney
                                        Narcotics and Dangerous Drug Section
                                        U.S. Department of Justice
                                        1400 New York Avenue, N.W.
                                        Washington, D.C.  20005
                                        (202) 305-7606

## CERTIFICATE OF SERVICE

      I hereby certified that a copy of the forgoing motion was sent to Defendant Archbold's attorney, John Jeffers, via ECF on October 24, 2006.

                                        /s/  
                                        Patrick H. Hearn  
                                        Trial Attorney  
                                        U.S. Department of Justice