UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | Criminal Case No. 05-342 (RCL) |
| ) | |
| **ALVARO SERRANO ARCHBOLD-** ) | |
| **MANNER (1)** ) | |
| a.k.a. "El Negro" ) | |
| a.k.a. "Archie" ) | |
| a.k.a. "Bambino," ) | |
| ) | |
| **JUAN JOSE HEREDIA-LOPEZ (22)** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Upon consideration of the "Government's Motion To Exclude Time Under the Speedy Trial Act and Declare the Case Complex," and Defendant's Response Thereto, the Court hereby **ORDERS** that the government's motion is **GRANTED**.

1. The Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(ii), (iv) that the ends of justice are served by granting the government's motion and outweigh the best interests of the public and the defendant in a speedy trial. The reason for finding that the ends of justice are served by the granting of the continuance and outweigh the best interests of the public and the defendant in a speedy trial is that this case is a complex case.

   This case is an international drug conspiracy case involving multiple defendants from Colombia and Jamaica. This case involves the extraterritorial application of United States law. The investigation of this case has occurred inside and outside the United States and has been conducted by Special Agents of the DEA and by authorities of

foreign countries either working independently of or in cooperation with the DEA. The case involves evidence from various foreign countries which will require translation from Spanish and Patois into English. Many of the government's witnesses reside outside the United States. Because the case involves the extraterritorial application of United States law and the prosecution of a alleged Colombian drug traffickers it may present novel questions of fact or law. Accordingly, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act.

2. the Court **FINDS**, pursuant to 18 U.S.C. §3161(h)(7), that the ends of justice are served by granting the government's motion and outweigh the best interests of the public and the defendant in a speedy trial. The reason for finding that the ends of justice are served by the granting of the continuance and outweigh the best interests of the public and the defendant in a speedy trial is that a reasonable period of delay is appropriate in this case to await the arrival of the co-defendants Murillo-Lenis, Rios-Mercado, Malkum-Bernades, Delgado-Gomez, Oyola-Ropero, Alvarez-Lozano, Gutierrez-Diaz, Villegas-Mejia, Tobon-Rojas, and Zapata-Bermudez and Perez-Rincon from Colombia. The extraditions of these defendants were requested by the United States government and it is anticipated that they will be extradited from Colombia. The interests of judicial economy and the public interest in having a unified trial with the co-defendants indicted in a single conspiracy case make the exclusion of time reasonable and appropriate in this case.

3.  It is therefore **ORDERED** that in computing the time within which the trial must commence, the period of time until the commencement of the trial of Alvaro Serrano Archbold-Manner and Juan Jose Heredia-Lopez be excluded pursuant to 18 U.S.C. §3161(h)(7) and §3161(h)(8).

    **SO ORDERED**,

DATE: _____

_____
ROYCE C. LAMBERTH
U.S. DISTRICT JUDGE FOR
THE DISTRICT OF COLUMBIA

Copies to:
Attorney for Government
Patrick H. Hearn.
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005
(202) 305-7606

Attorney for Archbold
Jonathan Jeffress
Federal Defenders Office
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
202-208-7500

Attorney for Herdia
Alexandra I. Rengel
12000 Biscayne Blvd
Suite 222
North Miami, FL 33181
305-892-2525