UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 05-342-01 (RCL) |
| ALVARO SERRANO ARCHBALD-MANNER, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS TAKEN
IN VIOLATION OF THE UNITED STATES CONSTITUTION**

Defendant Alvaro Serrano Archbald-Manner ("defendant," or "Mr. Manner"), through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all statements obtained by law enforcement agents from defendant, as those statements were taken in violation of <u>Miranda</u> and the Fifth Amendment of the United States Constitution.

**BACKGROUND**

According to discovery provided by the government, defendant was arrested on August 27, 2006, based upon a provisional arrest warrant issued by the Department of Justice's Narcotics and Dangerous Drug Section (NDDS).

On August 29, 2006, while defendant was incarcerated as a local jail in Panama City, DEA Agents Beckett and Nash interrogated defendant. The DEA-6 associated with the interrogation reports that, prior to the interrogation, defendant was advised of "his rights as entitled in the United States." The DEA-6 does not state what specific rights it refers to.

Defendant allegedly "indicated he understood his rights and agreed to speak to both agents." With respect to this interview, however, the government has failed to produce a written waiver of defendant's <u>Miranda</u> rights.

On October 19, 2006, defendant waived extradition to the United States from Panama. The DEA then took custody of defendant and boarded him onto an airplane from Panama to Dulles Airport. While on board, DEA Agents Zachariasiewicz and Masielo attempted to interrogate defendant. The DEA-6 report states that the agents read Mr. Manner his <u>Miranda</u> rights and had defendant execute a waiver. With respect to this waiver, the government has produced what purports to be a written waiver of Mr. Manner's <u>Miranda</u> rights. The document is captioned "EXTRATERRITORIAL ADVICE OF RIGHTS." It contains a signature that purports to be from defendant and is signed "10-19-06."

## **DISCUSSION**

**I.    ALL STATEMENTS MADE BY MR. MANNER MUST BE SUPPRESSED BECAUSE THEY WERE MADE INVOLUNTARILY AND IN VIOLATION OF <u>MIRANDA</u>.**

A.    <u>Mr. Manner's Statements were Involuntary</u>

The government has alleged that Mr. Manner made a statement or statements to DEA agents concerning his alleged role in a drug trafficking conspiracy. Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See <u>Lego v. Twomey</u>, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." <u>Culombe v. Connecticut</u>, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a

2

careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear Mr. Manner's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine Mr. Manner's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by Mr. Manner were made involuntarily and thus must be suppressed under the Fifth Amendment.

B.   Mr. Manner's Statements were Made in Violation of *Miranda*

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Manner's statements during the government's case-in-chief because Mr. Manner was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation'

under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

When Mr. Manner made alleged statements at the Panama Jail and while on board the DEA flight to Washington, D.C., he was clearly in custody for purposes of Miranda. At a hearing, the government will be unable to demonstrate that Mr. Manner was adequately apprised of his rights, nor that any waiver of his rights was knowing and voluntary. The government bears the heavy burden of establishing that proper Miranda warnings were given to the defendant and that an intelligent and voluntary waiver of those rights occurred prior to questioning of the defendant. Miranda, 384 U.S. at 475. As the Court recognized in Moran v. Burbine, 475 U.S. 412 (1986):

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Id. at 421. Because the government cannot surmount this high hurdle, Mr. Manner's allegedly post-Miranda statements must be suppressed.

\

## CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and reasonable, Mr. Manner requests that the Court suppress all statements taken by law enforcement from Mr. Manner on or about August 29, 2006 and October 19, 2006.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER


        _____/s/_____
        Jonathan S. Jeffress, Esq.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Ste 550
        Washington, D.C. 20004
        (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 05-342-01 (RCL) |
| ALVARO SERRANO ARCHBALD-MANNER, | ) ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

Upon consideration of defendant's motion to suppress, any opposition thereto, and for good cause shown, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; it is further

**ORDERED** that all statements taken from Mr. Manner on August 29, 2006 and October 19, 2006 are **SUPPRESSED**.

_____
THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

DATE: