UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case No. 05-342 (RCL) |
| ) | |
| **JESUS ANTONIO MURILLO-** ) | |
| **LENIS (2)** ) | |
|     a.k.a. "Leni," ) | |
|     a.k.a. "Muri," ) | |
| ) | |
| **RANFER MANUEL RIOS** ) | |
| **MERCADO (3)** ) | |
| ) | |
| **GARETH DAVITON LEWIS (5)** ) | |
|     a.k.a. "David Lewis," ) | |
|     a.k.a. "Mocho," ) | |
| ) | |
| **ULISES MALKUM-BERNADES (9)** ) | |
| ) | |
| **CARLOS DELGADO-GOMEZ** ) | |
|     a.k.a. "Carlanga" (10) ) | |
| ) | |
| **ENRIQUE OYOLA-ROPERO (12)** ) | |
| ) | |
| **SERGIO RENE DE MARTINI-** ) | |
| **TAMAYO (14)** ) | |
|     a.k.a. "Paisa," ) | |
|     a.k.a. "Rafita," ) | |
|     a.k.a. "Henry," ) | |
| ) | |
| **JOSE HUGO ALVAREZ-LOZANO (15)** ) | |
| ) | |
| **JAIME HERNAN GUTIERREZ-** ) | |
| **DIAZ (16)** ) | |
| ) | |
| **GERMAN VILLEGAS-MEJIA (17)** ) | |
|     a.k.a. "El Doctor," ) | |
| ) | |
| **GERARDO TOBON-ROJAS (18)** ) | |
|     a.k.a. "Mateo," ) | |

| | |
|---|---|
| **FERNANDO ZAPATA-BERMUDEZ (19)** | )<br>)<br>) |
| **JUAN EDUARDO PEREZ-RINCON (24)** | )<br>)<br>) |
| **ALFREDO LUIS PERALTA-CARRILLO (25)** | )<br>)<br>) |
| Defendants. | )<br>) |

## GOVERNMENT'S POSITION ON DIVISION OF TRIAL DEFENDANTS AND SUGGESTED GROUPINGS FOR TRIAL

The United States, by and through its attorney, Patrick H. Hearn, Trial Attorney, Narcotic and Dangerous Drug Section, United States Department of Justice, hereby respectfully submits to the court its position regarding the division of trial defendants in this matter and the suggested groupings of the defendants for trial.

On January 22, 2008, the Court held a status hearing and requested the government submit suggested groupings of the defendants in groups of six for trial. The government at the status presented verbally to the Court its suggested groupings. The Court, at the same status hearing, directed the government to file a pleading setting forth its suggested groupings and the reasons in support of the groupings. Pursuant to the Court's Order the government presents the following statements regarding the separation of the defendants and suggested groupings for trial. The government's suggested groupings have changed slightly from the grouping proposed at the status hearing.

**I. Government's Position Regarding Separation for Trial**

Initially, this filing should not be considered the government's motion for severance of defendants nor a concession that the defendants should be severed. The government recognizes,

however, that the requirements and limitations of the facilities and staffs of the various agencies which are charged with the administration and security of trials in this District does not make it feasible to try more than six or seven defendants at a time in one single trial.

The government makes the following suggestion of trial groups which is based on the orderly and efficient presentation of evidence with the least likelihood for unnecessary overlap in witnesses and evidence presented in multiple trials. The government's groups contain seven defendants each, one more than six per group, however, the government believes that the addition of one defendant per group will not greatly lengthen the trials versus the additional time which will be required to conduct a third trial.

First Trial Group

Jesus Antonio Murillo-Lenis
Gareth Lewis
Alfredo Luis Peralta-Carrillo
Sergio Rene De Martini-Tamayo
Carlos Delgado Gomez
Gerardo Tobon Rojas
Ranfer Manuel Rios-Mercado

Second Trial Group

Enrique Oyola-Ropero
German Villegas-Mejia
Jose Hugo Alvarez-Lozano
Jaime Hernan Gutierrez-Diaz
Juan Eduardo Perez-Rincon
Fernando Zapata-Bermudez
Ulises MalkumBernandes

The government suggestion of trial groups is based upon logical rationales for the presentation of evidence, length of time the defendants have been in United States custody and judicial economy. If the Court were instead to randomly divide defendants, it would likely result in longer trials that have uneven presentations of evidence. Another factor to consider is the

likelihood that witnesses would unnecessarily testify in multiple trials if defendants were randomly divided into trial groups.  Another important factor for the government in suggesting these trial groups is the security of its witnesses.  Although some former conspirators and witnesses may need to testify in more than one trial, the suggested trial groups should minimize the need for having cooperating witnesses testify in multiple trials.

A factor for the government when considering the groupings was the evidence for the substantive counts, II through VI, and the defendants charged in each of those counts.  Due to the multiplicity of counts against some defendants not all defendants in each count could be grouped together for trial.  Each of the counts in the indictment are based upon seizures and other evidence, such as wiretap conversations, surveillance and witness statements which can be presented together against several defendants.  Therefore, these defendants are linked together by similar witnesses and evidence.  Furthermore, the government has taken into consideration the length of time the individual defendants have been in custody in the United States as a factor in determining placement in Trial Group One and Trial Group Two.

### III.     Conclusion

For all of the foregoing reasons, the Government respectfully requests that the defendants be grouped for trial as suggested by the government.

Dated: February 8, 2008

Respectfully submitted
KEN BLANCO, Chief
Narcotics and Dangerous Drug Section


 /s/
Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice

        1400 New York Avenue, N.W.
        Washington, D.C. 20005
        (202) 305-7606

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the forgoing Government's Position on Division of Trial Defendant's and Suggested Groupings for Trial was sent to all defense counsel for the defendants via ECF on February 8, 2008.

        /s/
        Patrick H. Hearn
        Trial Attorney
        U.S. Department of Justice