**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

        v.                      CR. 05-342-15 (RCL)

**JOSE HUGO ALVAREZ-LOZANO**

### MOTION FOR EARLY DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANT WITNESSES; SPECIAL EMPLOYEES WITNESSES AND COOPERATING CRIMINALS PURSUANT TO BRADY AND GIGLIO AND THEIR PROGENY, RULE 16 AND THE US CONSTITUTION THE FIFTH AND SIXTH AMENDMENTS

Jose Hugo Alvarez-Lozano, through counsel, moves this honorable Court to order disclosure of information regarding the above witnesses at a time that will permit meaningful investigation. In support of this motion the defendant states as follows:

1.  Jose Hugo Alvarez Lozano has been charged along with twenty five co-defendants in a third superceding indictment filed May 6, 2008, with violating title 21 USC 959 and 960 in Columbia and elsewhere. Aside from the lack of specificity which has been addressed by co defendants in a request for a Bill of Particulars, all of the particulars occur outside of the boundaries of the United States.

2.  This is a complex matter. The investigation is impossible without early disclosure of the identities of factual witnesses scattered

throughout the world. The government has not provided the names or identities of their witnesses.

3. While the government in a criminal case property is not required to disclose all of their factual witnesses, the government is required to seek and disclose exculpatory evidence. "Early and liberal disclosure promotes dispositions and smoothly flowing trials and promotes a more level playing field by emphasizing the 'quest for truth' rather than a 'sporting theory of justice.'" See William Brennan, Jr. " The Criminal Prosecution: sporting Event or Quest for the Truth?." 1963 Wash. U.L.Q. 279 (1963).

4. The prosecutor has a duty to disclose, upon request, all evidence favorable to the defendant which is "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is material as long as there is a strong indication that it will "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal. " U.S. v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993).

5. Nothing is more essential to a fair criminal trial or sentence than the disclosure of information favorable to the defendant in sufficient time for the defendant to receive due process, as guaranteed by the Fifth Amendment, and effective assistance of counsel, as guaranteed by the Sixth Amendment. No defendant should be forced to either proceed to trial or plead guilty without access to favorable information as to guilt or sentencing.

6.  The ABA Standards for Prosecutors require disclosure of exculpatory evidence in time for it's effective use.  In this case where witnesses and evidence are located overseas the timing of disclosure of information regarding confidential informant witnesses, special employee witnesses and cooperating witnesses must be at such a time as would permit overseas investigation by the defendant.

7.  Counsel suggests that disclosure of information regarding witnesses from outside the District of Columbia must be made early to permit meaningful investigation.  The greater the distance from the District of Columbia the earlier the disclosure must be.

8.  In a local case an investigator will be sent to every court and police station in the metro area to purloin his or her files. Every community will be investigated and neighbor's door's knocked upon to develop information for factual and character impeachment.

9.  In this case there must be immediate witness disclosure to permit investigation overseas.  Delayed disclosure prevents effective   use of the information and thereby denies the defendant  due process, the right to a fair trial and the right to effective assistance of counsel.

**WHEREFORE**, the defendant respectfully requests the Court grant this Motion for Early Disclosure of Exculpatory Evidence to permit meaningful investigation in Colombia and elsewhere and adequate trial preparation.

Respectfully submitted,

/s/

H. Heather Shaner  #273276
Appointed by the Court for
Hugo Alvarez Lozano
1702 S St. N.W.
Washington, D.C. 20009
Tel. 202 265 8210